

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2007

# Chang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4739

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Chang v. Atty Gen USA" (2007). *2007 Decisions*. Paper 931.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/931

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4739
_____

SHICHIN CHANG;
TSUSHIN TAN,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES;
DEPARTMENT OF HOMELAND SECURITY,

Respondents

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
BIA Nos. A97-441-216 (Shichin Chang)
and A97-441-217 (Tsushin Tan)
Immigration Judge: Mirlande Tadal

_____

Submitted Under Third Circuit LAR 34.1(a)
on May 7, 2007

Before: RENDELL, JORDAN and HARDIMAN, Circuit Judges..

(Filed June 18, 2007)

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

Shichin Chang petitions for review of the September 29, 2005 Order of the Bureau

of Immigration Appeals ("BIA"), affirming the previous denial by the Immigration Judge

("IJ"), of Chang's applications for asylum and protection under the Convention Against

Torture ("CAT"). We have jurisdiction over Chang's petition pursuant to 8 U.S.C.

§ 1252. Where, as here, the BIA has affirmed the IJ's decision without opinion, we

review the IJ's decision. *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (en banc).

Because we find that the IJ's decision was supported by substantial evidence, we will

deny the petition for review.

**I.**

Chang and her minor son arrived at the Newark International Airport, without

visas, on February 6, 2004.[1] Chang was not admitted or paroled into the United States

following inspection, but, after demonstrating a credible fear of persecution to

immigration officials, she was served with a Notice to Appear and placed in removal

proceedings, rather than immediately deported under the expedited removal provisions of

---

[1] Our ruling, like those of both the IJ and the BIA, is as to Chang and her child.
However, for the remainder of this opinion, we will refer to them collectively as "Chang."

2

the Immigration and Nationality Act ("INA"). Chang was charged as removable pursuant to INA §§ 212(a)(6)(C)(i) and 212(a)(7)(A)(i)(I).

On March 24, 2004, Chang conceded removability before an IJ and requested relief in the form of political asylum, withholding of removal and protection under the CAT. Although at both her entry and credible fear interviews Chang claimed that she had fled China because, *inter alia*, her husband had been persecuted for his Falun Gong membership, Chang's asylum application was premised on three new and different claims: past persecution for opposing China's birth control policies, the fear that she would be subject to such persecution in the future, and political persecution stemming from her role in what Chang characterized as a land dispute with her village's political leaders.

With respect to Chang's first claim, the IJ denied relief after finding, first, that Chang had failed to allege that she had actually opposed China's birth control policies and, second, that, even if she had, Chang lacked credibility.

With respect to Chang's second claim, the IJ denied relief after finding that Chang had not put forward sufficient evidence supporting an objective fear of future persecution.

Finally, with respect to her claim for political persecution, the IJ found, first, that Chang had not sufficiently alleged how the land dispute was political in nature, second, that Chang failed to claim that she had actually been persecuted, either through physical abuse, arbitrary detention or harassment, and, third, that Chang, again, lacked credibility.

3

On appeal, Chang argues that the IJ erred in finding that Chang had not established past persecution or the likelihood of future persecution; that the IJ applied the wrong standard by requiring Chang to have shown that a forced abortion had actually taken place, rather than that she had a well-founded fear that such action would be taken against her in the future; and, third, that the IJ failed to conduct an "independent review" of Chang's request for relief under the CAT.[2]

Our standard of review is deferential, as we must uphold the IJ's findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Indeed, we may not reject these findings "unless any reasonable adjudicator would be *compelled* to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (emphasis added). This deferential standard applies with equal force to adverse credibility determinations. *See Reynoso-Lopez v. Ashcroft*, 369 F.3d 275, 278 (3d Cir. 2004). In sum, "[t]his standard is 'even more deferential' than the 'clearly erroneous' standard, and requires us to sustain an adverse credibility determination 'unless . . . no reasonable person' would have found the

---

[2]Chang has not appealed that portion of the IJ's decision rejecting Chang's claim of past persecution on account of her role in the land dispute. Additionally, Chang's brief does not directly challenge the IJ's decision as to withholding of removal. Even if Chang is attempting to appeal the denial of withholding claim, we must affirm the IJ's decision as to that claim because we are also affirming the decision as to the asylum claim. *See Chen v. Ashcroft*, 376 F.3d 215, 223 (3d Cir. 2004) ("An alien who fails to establish that he or she has a well-founded fear of persecution, so as to be eligible for a grant of asylum, necessarily will fail to establish the right to withholding of removal.")

applicant incredible." *Id*. (quoting *Concrete Pipe & Prods. of CA v. Constr. Laborers Pension Trust of Southern CA*, 508 U.S. 602, 623 (1993)).

## II.

With respect to Chang's argument that the IJ erred by rejecting her claim of past persecution because of her opposition to China's coercive family planning practices, we believe the IJ's decision was supported by substantial evidence. We agree with the IJ's conclusion that Chang's description of her past experiences fell short of establishing her status as a "refugee" under the relevant statutory provision, thereby defeating her asylum claim. Under INA § 101(a)(42), the term refugee includes "a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program." However, before the IJ, Chang did not testify to having been forced to undergo any sort of abortion or sterilization procedure. Rather, Chang testified that, upon learning of her pregnancy, she willingly submitted herself to family planning authorities and willingly took an abortion-inducing drug. As the IJ put it, "[t]here was no evidence that at any time respondent resisted to any form of the population control policy in the People's Republic of China." Appx. at 45. Our review of the record confirms this conclusion.[3]

---

[3]Although we should note that Chang did allege that she secretly removed a government-inserted IUD – a claim which could arguably support a claim of resistance to China's policies – she nevertheless did not allege that her actions were ever discovered by

Even if Chang's claims had brought her under the INA, the IJ also determined – in our view permissibly – that Chang lacked credibility.  In particular, the IJ found that, by her own admission, Chang lied to immigration officials on two previous occasions by stating that she had fled China because of her husband's Falun Gong membership, rather than because of her alleged opposition to China's family planning practices.  This prompted the IJ to ask, "Was she telling the truth at the airport or is she telling the truth today in Court[?]" Appx. at 47.  Although rhetorical, this question has not yet been answered.  The IJ also found that many of the documents Chang submitted were either forgeries or of otherwise dubious credibility.  In fact, the IJ determined that Chang's proffered Chinese identification card was a forgery, leaving her without any documentation conclusively establishing that she was who she said she was.

The IJ was well within her discretion to base an adverse credibility finding on these substantial questions about Chang's truthfulness.  Indeed, not only are these adverse credibility determinations supported by substantial evidence, they are not mentioned, much less contested, by Chang in her brief.  While silence does not necessarily amount to a concession, we deem it to be such in this case, given the centrality of the arguments left unrebutted.  That concession, alone, would be enough for us to sustain the IJ's decision as to past persecution.

_____

family planning officials, much less that they gave rise to persecution.  Indeed, Chang admitted that she had never been physically abused by or detained at the hands of the Chinese government during her time in China.  Appx. at 148.

6

**III.**

With respect to Chang's arguments that the IJ erred by denying relief on the grounds of future persecution and, in doing so, further erred by requiring Chang to prove that she had actually been forced to undergo an abortion, rather than to merely show that she feared such a procedure in the future, we also find the IJ's decision to be based on substantial evidence. In fact, Chang simply mischaracterizes the IJ's opinion. As described above, the IJ rejected Chang's claim of *past* persecution after finding that her allegation failed to meet the statutory requirement and that she lacked credibility. However, the IJ independently examined Chang's claim of *future* persecution and disposed of it on totally separate grounds. Specifically, the IJ found that, although Chang described visits from the local cadres, she had not put forward any evidence that these officials intended to subject her to a forced sterilization or to any other procedure. Without more, the IJ found that Chang could not establish the necessary requirement of objective fear of future persecution. Again, Chang fails to dispute the IJ's characterization of her claims in her brief and, therefore, has put forward no reason why we should disturb the IJ's conclusion.

**IV.**

Finally, with respect to Chang's final argument, that the IJ erred by failing to "conduct an independent review" of her CAT claim, we have previously said that "the standard for invocation of the CAT is more stringent than the standard for granting

7

asylum." *Wang v. Ashcroft*, 368 F.3d 347, 349 (3d Cir. 2004). The IJ recognized as much when she said that "the Court must necessarily deny the respondent's request for withholding of removal and relief under the Convention Against Torture, which requires a more stringent evidentiary burden." Appx. at 54. Although "it does not follow that a failure to meet the asylum standard *necessarily* precludes a CAT claim," *Kibinda v. Attorney General*, 477 F.3d 113, 123 (3d Cir. 2007) (emphasis added), an IJ certainly may hold that such a failure *does* preclude a CAT claim where, as here, the IJ has determined that the alien has put forward no evidence of abuse, physical or otherwise. Therefore, Chang's CAT claim is totally unsupported and was properly denied.

**V.**